United States District Court
District of Massachusetts

| | |
|---|---|
| MOUNT VERNON FIRE INS. CO.,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>VISIONAID, INC.,  )<br>  )<br>    Defendant.  )<br>  ) | Civil Action No.<br>13-12154-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Mount Vernon Fire Insurance Company ("Mount Vernon") seeks a declaratory judgment as to its obligation to reimburse VisionAid, Inc. ("VisionAid") for litigation costs associated with a counterclaim VisionAid wants to assert against a former employee who sued it for wrongful termination. VisionAid responded with its own motion for declaratory judgment to establish the scope of Mount Vernon's duty to defend and VisionAid's right to appoint independent counsel. Pending before the Court is VisionAid's motion to certify both questions to the Massachusetts Supreme Judicial Court ("SJC").

**I.   Facts**

Mount Vernon provides VisionAid with liability insurance. VisionAid is a manufacturer of eyewash and lens cleaning products.

In December, 2011, Gary Sullivan ("Sullivan"), a former employee, brought suit against VisionAid in the Massachusetts Commission Against Discrimination ("MCAD"), alleging wrongful termination on the basis of age discrimination. Mount Vernon alleges that VisionAid accepted its defense in that matter for 18 months without objection. VisionAid counters that under the original suit there had been no need to allege the counterclaims. In February, 2013, Sullivan dismissed his MCAD suit and filed a new suit in April, 2013 in Plymouth County Superior Court.

At the outset of the second state suit, VisionAid requested that Mount Vernon fund a counterclaim for misappropriation of funds against Sullivan. In July, 2013, Mount Vernon withdrew its reservation of rights and informed VisionAid that it would not fund VisionAid's counterclaim because it was not a part of the policy agreement and the attorney already of record was fully capable of being independent while defending VisionAid's suit.

In August, 2013, Mount Vernon filed the subject complaint for a declaratory judgment to address whether it is required to fund VisionAid's counterclaims. In October, 2013, VisionAid filed a counterclaim for a declaratory judgment on that issue and to establish that Mount Vernon is required to provide VisionAid with an independent counsel. In January, 2014,

VisionAid filed a motion for certification of its questions to the SJC for a declaratory judgment.

VisionAid refuses to allow Mount Vernon to settle with Sullivan in its second state lawsuit. In the interim, that case has been stayed until June 1, 2014 because its progress is contingent upon the result of the subject action.[1]

## II. Analysis

The question before the Court is whether the issues in this case merit certification to the SJC. VisionAid argues that no clear precedent exists in the area of Massachusetts insurance law to answer the subject question and, therefore, certification is warranted. Mount Vernon responds that the issues in this case are reasonably similar to cases already decided by Massachusetts courts and, thus, certification is unnecessary.

### A. Certification

Federal district judges are presumed to be as capable of interpreting state law as state court judges. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). In Massachusetts, federal courts may certify a question to the SJC when facing a question of state law without controlling precedent that may be determinative in a pending case. Barr v. Galvin, 793 F. Supp. 2d 463, 464 (D. Mass. 2011). Absent clear state court precedent,

---

[1] On April 3, 2014, Mount Vernon filed a motion to compel production of certain documents by VisionAid which was referred to Magistrate Judge Judith Dein and denied on May 14, 2014.

-3-

however, courts may consider a variety of sources "tending convincingly to show how the highest court in this state would decide the matter at hand." Michelin Tires (Canada), Ltd. v. First Nat'l Bank, 666 F.2d 673, 682 (1st Cir. 1981). It "is inappropriate for a federal court to use [certification] when the course the state courts would take is reasonably clear." Fischer v. Bar Harbor Banking & Trust Co., 857 F.2d 4, 8 (1st Cir. 1988).

**B.  Massachusetts Insurance Law**

Massachusetts Law has an established procedure for interpreting an insurance policy, which addresses the issue of an insurer's duty to fund counterclaims and to appoint independent counsel:

> The question of the initial duty of a liability insurer to defend third-party actions against the insured is decided by matching the third-party complaint with the policy provisions: if the allegations of the complaint are "reasonably susceptible" of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense.

Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 394 (2003) (citation omitted). To warrant coverage by an insurer under Massachusetts law, the complaint need only show that there is a possibility that the claims are covered by the policy. Id. In contrast, when the complaint includes allegations that "lie expressly outside the policy coverage and its purpose, the insurer is relieved of the duty to investigate

-4-

or defend the claimant." Id.  When ambiguities exist and two "rational interpretations" of a policy's language exist, "the insured is entitled to the benefit of the one most favorable to it." Colonial Gas. Co. v. Aetna Cas. & Sur. Co., 823 F. Supp. 975, 982 (D. Mass. 1993).

**C.   Application**

While no state court has yet addressed the exact facts in this case, the Court finds no unprecedented legal issue that would warrant the certification of a question to the SJC. Massachusetts law looks to the written provisions of the policy between the insured and the insurer; any ambiguities are resolved in favor of the insured.  Here, certification is unnecessary to clarify Massachusetts law and, even if it were not, the Court sees no efficiency to be gained in resorting to that oft-maligned procedure. See Bruce M. Selya, Certified Madness: Ask a Silly Question, 29 Suffolk U. L. Rev. 677 (1995).

**ORDER**

For the foregoing reasons, VisionAid's motion to certify the questions (a) whether an insurer's scope of duty to defend includes counterclaims and (b) whether an insurer must provide an independent attorney (Docket No. 16) is **DENIED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated May 19, 2014